Richey v. State Bank of Latham, 200 Ill. App. 624.

## W. S. Richey, Appellee, v. State Bank of Latham, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Logan county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed October 13, 1915.

### Statement of the Case.

Action by W. S. Richey, plaintiff, against the State Bank of Latham, defendant, to recover funds deposited in defendant's bank. From a judgment for plaintiff, defendant appeals.

HUMPHREY & ANDERSON, for appellant.

KING & MILLER, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. EVIDENCE, § 74*—*when competent as part of res gestœ.* In an action by a depositor against a bank to recover the balance of proceeds from the sale of property on the farm of which plaintiff was tenant, the entire proceeds of which sale were deposited in defendant's bank, and such balance paid over to the landlord by the bank cashier on the alleged order of the depositor, after satisfaction of a claim of the bank, a question on cross-examination of plaintiff as to whether he owed the bank some money that was taken out of the sale money, *held* competent as part of the *res gestœ.*

2. BANKS AND BANKING, § 118*—*when evidence admissible to show authority of bank to pay out deposit to creditor of depositor.* In an action by a depositor against a bank to recover the balance of proceeds of a farm sale turned over by defendant's cashier to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

plaintiff's landlord, after satisfaction of a claim of the bank, a question on cross-examination whether he did not tell a certain person that all the proceeds of the sale were to be paid or turned over to the landlord, *held* competent as tending to corroborate the testimony of defendant's cashier on the disputed question that plaintiff authorized the cashier to turn over such proceeds.

3. BANKS AND BANKING, § 118*—*when evidence admissible in action by depositor to recover deposit*. In an action by a depositor against a bank to recover the balance of proceeds of a farm sale remaining after the satisfaction of a claim of the bank, and which balance was turned over to the plaintiff's landlord by the bank cashier, but, as plaintiff claimed, without authority, *held* that a question on cross-examination of plaintiff as to whether he did not tell the cashier on the morning of the sale that all the proceeds of the sale were to be turned over to the landlord as a credit on the debt to the latter, *held* competent.

4. BANKS AND BANKING, § 118*—*when evidence admissible in action by depositor to recover deposit*. In an action by a depositor against a bank to recover the balance of proceeds of a farm sale remaining after the satisfaction of a claim of the bank, and which balance was turned over to the plaintiff's landlord by the bank cashier with the claimed consent of plaintiff, a question on cross-examination of the plaintiff if he did not owe the landlord a note about that time for a specified sum, *held* competent.

5. BANKS AND BANKING, § 118*—*when evidence admissible in action by depositor to recover deposit*. In an action by a depositor against a bank to recover the balance of proceeds of a farm sale remaining after the satisfaction of a claim of the bank, and which balance was turned over to plaintiff's landlord by defendant's cashier with the claimed consent of plaintiff, a question on cross-examination of plaintiff if he did not know what notes the landlord held against him, *held* proper.

6. BANKS AND BANKING, § 118a*—*when evidence sufficient to show authority to pay deposit to creditor*. In an action by a depositor against a bank to recover the balance of proceeds of a farm sale remaining after the satisfaction of a claim of the bank, and which balance was turned over to plaintiff's landlord by defendant's cashier with the claimed consent of plaintiff, evidence *held* sufficient to show that plaintiff authorized the payment of such balance to the landlord to be applied on his indebtedness to the latter.

7. BANKS AND BANKING, § 118a*—*when evidence sufficient to show ratifiation by depositor of payment of deposit to creditor*. In an action by a depositor against a bank to recover the balance

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
Vol. CC 40

of proceeds of a farm sale remaining after the satisfaction of a claim due the bank, and which balance was turned over to plaintiff's landlord by defendant's cashier with the claimed consent of plaintiff, evidence *held* sufficient to show that even if plaintiff had not verbally authorized defendant to turn over the balance of such proceeds to the landlord, he had afterwards ratified its action in so doing.